# United States Court of Appeals
## For the First Circuit

No. 23-1368

ANTHONY CAPPELLO,

Plaintiff, Appellant,

v.

RESTAURANT DEPOT, LLC; D'ARRIGO BROS., CO.,

Defendants, Appellees,

CICCHETTI, LLC, d/b/a IL PANINO ITALIAN DELI; ADAM BROS.
FARMING, INC.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Samantha D. Elliott, U.S. District Judge]

Before

Gelpí, Lynch, and Rikelman,
Circuit Judges.

Amanda E. Quinlan, with whom McLane Middleton, P.A. was on
brief, for appellant.
Scott T. Ober, with whom Matthew G. Lindberg, Patrick T.
Ciapciak, and Hassett & Donnelly, P.C. were on brief, for appellee
D'Arrigo Bros., Co.
Kenneth B. Walton, with whom Patricia B. Gary and Lewis
Brisbois Bisgaard & Smith LLP were on brief, for appellee
Restaurant Depot, LLC.

December 28, 2023

**LYNCH**, **Circuit Judge**.    In November 2018, Anthony Cappello, a New Hampshire resident, purchased and ate a salad from Il Panino Italian Deli and Catering, a counter-serve deli in New Jersey.   Within days after Cappello had returned home to New Hampshire he was diagnosed at a New Hampshire hospital with a life-threatening E. coli infection which required several surgeries, including the removal of his colon.

In April 2021, Cappello filed this lawsuit in the U.S. District Court for the District of New Hampshire alleging that the lettuce in the salad he ate had been contaminated with E. coli. He sued Il Panino as well as the company that sold the lettuce to Il Panino, Restaurant Depot, LLC; the lettuce distributor, D'Arrigo Brothers, Co.; the lettuce grower, Adam Brothers Farming, Inc.; and one hundred John Does as defendants.   He later voluntarily dismissed his claims against Il Panino, Adam Bros., and all John Does.

Restaurant Depot and D'Arrigo Bros., the remaining defendants, each moved to dismiss for lack of personal jurisdiction.  The New Hampshire federal district court granted Restaurant Depot's and D'Arrigo Bros.' motions to dismiss this suit for lack of personal jurisdiction, reasoning that Cappello had failed to demonstrate that his claims arose out of or related to either defendant's contacts with New Hampshire.  Cappello v. Rest. Depot, LLC, No. 21-cv-356, 2023 WL 2588110 (D.N.H. Mar. 21,

- 3 -

2023).  Cappello appeals.  We affirm, albeit on somewhat different reasoning.  Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016) (holding that reviewing court can affirm "for any reason made evident by the record").

## I.  Background

The district court dismissed Cappello's case for lack of personal jurisdiction using the prima facie method, that is, without holding an evidentiary hearing and based solely on the sufficiency of Cappello's evidentiary proffers.  Cappello, 2023 WL 2588110, at *1.  Accordingly, we "draw the relevant facts 'from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts.'"  Rodríguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 160 (1st Cir. 2022) (quoting Baskin-Robbins Franchising LLC, 825 F.3d at 34).

On November 9, 2018, Cappello purchased and ate a takeout Mediterranean salad from Il Panino, a counter-serve Italian deli offering takeout and eat-in seating at a single location in Fairfield, New Jersey.[1]  Il Panino prepared Cappello's salad using Andy Boy brand romaine lettuce grown by Adam Bros. in California which had been packaged and placed on a Restaurant Depot truck by

---

[1]  Cappello ate the takeaway salad in New Jersey; he does not allege precisely where.

- 4 -

D'Arrigo Bros. in California and ultimately sold by Restaurant Depot to Il Panino in New Jersey. Cappello returned to his home in Bedford, New Hampshire, no later than November 11, 2018.

Early in the morning on November 12, 2018, Cappello developed abdominal cramps and bloody diarrhea. Cappello was admitted at Catholic Medical Center ("CMC") in Manchester, New Hampshire. Cappello tested positive for an infection of a particular E. coli strain, known as E. coli O157:H7, that produces Shiga toxin, an endotoxin also associated with dysentery. Cappello experienced symptoms of hemolytic uremic syndrome (a condition in which toxins cross from the intestines into the bloodstream), acute kidney failure, and thrombocytopenia (low blood platelet count). Surgeons at CMC removed Cappello's colon on November 16, 2018, and Cappello has since required at least two additional procedures, which both occurred at Massachusetts General Hospital in Boston, Massachusetts.

From October 2018 to January 2019, the CDC, FDA, and other public health agencies together received reports of sixty-two E. coli O157:H7 infections, including Cappello's. The CDC and FDA traced the infections back to products grown at the Adam Bros. farm.

Cappello filed a complaint against the defendants in the U.S. District Court for the District of New Hampshire on April 29,

2021.[2] Cappello brought claims[3] for strict liability, negligence, negligence per se, and breach of warranty. At the time Cappello filed his complaint in New Hampshire on April 29, 2021, his three tort claims would have been untimely in New Jersey under its two-year statute of limitations for such claims. N.J. Stat. § 2A:14-2.

Both D'Arrigo Bros. and Restaurant Depot asserted lack of personal jurisdiction as an affirmative defense in answers to Cappello's complaint filed on September 30, 2021, and October 19, 2021, respectively. The parties engaged in discovery. Restaurant Depot and D'Arrigo Bros. each moved to dismiss for lack of personal jurisdiction on April 29, 2022. Cappello then filed a new lawsuit against Il Panino in New Jersey state court on November 7, 2022, asserting only a breach of warranty claim. Il Panino filed a third-party complaint against Restaurant Depot and D'Arrigo Bros. in that lawsuit. That New Jersey lawsuit is currently in discovery.

All parties filed affidavits and made evidentiary proffers, and Cappello specifically requested an evidentiary

---

[2] Cappello named Il Panino as Cicchetti, LLC d/b/a Il Panino Italian Deli and Catering restaurant.

[3] Cappello's complaint does not identify which state's law provides the basis for his claims. In briefing before the district court and at oral argument in this case Cappello took the position that his claims are based on New Hampshire law.

hearing. Cappello made evidentiary proffers of the following New Hampshire contacts as to each defendant, which we credit for purposes of our review. See Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) (holding reviewing court takes "the 'properly supported proffers of evidence' . . . as true" (quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992)).

Restaurant Depot is a Delaware limited liability company with its principal place of business in New York state. It distributes restaurant supplies, including produce, to businesses throughout the United States through a network of over a hundred members-only warehouses. Restaurant Depot does not operate any warehouses or own any property in New Hampshire. Restaurant Depot offers memberships only to businesses, and applicants must submit a business license or reseller's permit to secure a membership. This restriction ensures compliance with zoning requirements for the sites of its warehouses. Its members include businesses located in all ten counties of New Hampshire. Restaurant Depot sends its members -- including members located in New Hampshire -- regular advertisements by post and email. Between 2017 and 2018 Restaurant Depot received $36,874,207 in revenue from sales to its New Hampshire members.

Restaurant Depot does not ship products to its customers; customers must pick products up from Restaurant Depot warehouses. Restaurant Depot does have agreements with some third-

party delivery partners who can purchase products on behalf of Restaurant Depot members and then deliver them to the member. Cappello alleges this includes third-party delivery partners who delivered to members in New Hampshire. Restaurant Depot maintains that it had no delivery partners who offered delivery of food products into New Hampshire at the time the events giving rise to this lawsuit occurred.

The other defendant on appeal, D'Arrigo Bros., is a California corporation with its principal place of business in California. D'Arrigo Bros. does not ship products directly into New Hampshire, nor does it own any real property or conduct any operations in New Hampshire. It ships products to six distribution centers in Massachusetts, Connecticut, and Rhode Island, which then make D'Arrigo Bros. produce available to stores and other users, including in New Hampshire. Cappello offered no evidence as to any D'Arrigo Bros. advertising activities.

The district court denied Cappello's request for an evidentiary hearing and granted both Restaurant Depot's and D'Arrigo Bros.' motions to dismiss in a written order on March 21, 2023. Cappello, 2023 WL 2588110, at *1. The district court reasoned that Cappello's proffered evidence, even if true, was insufficient to establish personal jurisdiction over either defendant because the contacts Cappello cited were not sufficiently related to Cappello's claims. Id. at *1, *5-6.

This timely appeal followed.

## II. Discussion

Cappello does not dispute the district court's choice to use the prima facie method to determine whether Cappello had carried his burden to demonstrate that personal jurisdiction existed in his opening brief.[4]  See Vapotherm, Inc. v. Santiago, 38 F.4th 252, 257 (1st Cir. 2022) ("[A] district court 'may choose from among several methods for determining whether the plaintiff has met [this] burden.'" (quoting Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007)).  We thus review the district court's decision de novo.  Id.

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'"  Sawtelle v. Farrell, 70 F.3d 1381, 1387

---

[4]     In his reply brief Cappello argues

[t]he district court erroneously denied Cappello an evidentiary hearing by finding that "the court's reasoning rests on legal conclusions drawn from uncontroverted facts rather than a determination of any factual dispute."  Yet, the district court plainly ignored the prima facie approach when it determined where and when Cappello was injured.

Cappello waived this argument by failing to develop it fully in his opening brief.  See Small Justice LLC v. Xcentric Ventures LLC, 873 F.3d 313, 323 n.11 (1st Cir. 2017) ("[A]rguments developed for the first time in a reply brief are waived.").

(1st Cir. 1995) (quoting Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994)). Thus "to establish personal jurisdiction over [D'Arrigo Bros.] and [Restaurant Depot], [Cappello] must meet the requirements of both the [New Hampshire] long-arm statute and the Due Process clause of the Fourteenth Amendment."[5] Rodríguez-Rivera, 43 F.4th at 160.

## A. New Hampshire Long-arm Statute

As construed by the New Hampshire Supreme Court, "New Hampshire's long-arm statute authorizes the exercise of personal jurisdiction . . . to the extent permissible under the [f]ederal Due Process [c]lause," In re Reddam, 180 A.3d 683, 687-88 (N.H. 2018), and we have generally treated it as "coextensive with the outer limits of due process," Sawtelle, 70 F.3d at 1388 (citing Phelps v. Kingston, 536 A.2d 740, 742-43 (N.H. 1987)); see also Vapotherm, 38 F.4th at 258 (citing Phelps for the same conclusion).

We quickly dispose of Restaurant Depot's argument that the New Hampshire long-arm statute is not satisfied here. The statute covers, in relevant part, nonresidents who "transact[] any business within [New Hampshire or] commit[] a tortious act within [New Hampshire]." N.H. Rev. Stat. § 510:4. Restaurant Depot

---

[5] In this diversity case where Cappello seeks to establish personal jurisdiction over the defendants under Federal Rule of Civil Procedure 4(k)(1)(A), we draw on due process requirements as imposed by the Due Process clause of the Fourteenth Amendment.

- 10 -

argues that this statutory language is not satisfied here because Restaurant Depot transacts no business within New Hampshire and the allegedly tortious act here occurred in New Jersey, not New Hampshire. The New Hampshire Supreme Court has held that its long-arm statute is satisfied where in-state harm as a result of the defendant's out-of-state actions was "reasonably foreseeable." Mosier v. Kinley, 702 A.2d 803, 806 (N.H. 1997) (citing Phelps, 536 A.2d at 744) (holding long-arm statute satisfied where individual discharged from Vermont hospital for transfer to Massachusetts hospital was injured on road while passing through New Hampshire because "it was reasonably foreseeable . . . that the plaintiff would travel through New Hampshire [on the way to Massachusetts] and could exacerbate his injury there"); see also Kimball Union Acad. v. Genovesi, 70 A.3d 435, 441 (2013) (holding long-arm statute satisfied where architect completed all work from New Jersey office but defect in design arose once building was constructed in New Hampshire).

The parties' arguments as to the location of Cappello's injury conflate two common legal uses of the term "injury," one synonymous with "breach" and the other synonymous with "harm." The Supreme Court has suggested that being served or ingesting a defective product in one place (i.e., injury as breach) and later incurring damages elsewhere (i.e., injury as harm) could create a sufficient "connection between the forum and the specific claims

- 11 -

at issue" in either place. See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 582 U.S. 255, 259, 264-65 (2017) (holding plaintiffs had failed to establish personal jurisdiction over defendants in California in part because they "did not allege that they obtained [the drug at issue] through California physicians or from any other California source; nor did they claim that they were injured by [that drug] or were treated for their injuries in California"). We add that neither the district court nor our analysis turns on the place or places of injury.

We will assume arguendo in Cappello's favor that his symptoms and treatment occurred and caused injury in New Hampshire and that they were reasonably foreseeable in New Hampshire as a result of contaminated lettuce consumed in New Jersey. Even so, we hold that the exercise of personal jurisdiction over each of the defendants in this case fails to satisfy a required element of the due process analysis.

**B. Due Process Requirements**

To exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); see also Mallory v. Norfolk S. Ry. Co., 600 U.S. 122,

137-41 (2023) (discussing Int'l Shoe in detail). Such contacts, depending on their extent and nature, can establish general or specific personal jurisdiction over a "defendant 'that has not consented to suit in the forum.'" Mallory, 600 U.S. at 138 (emphasis removed) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 927-28 (2011)). Cappello does not argue general jurisdiction, he argues only that the defendants are subject to specific personal jurisdiction in New Hampshire.

> [P]laintiffs seeking to establish that a court has specific personal jurisdiction over a defendant must show that: (1) their claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state . . . ; and (3) the exercise of jurisdiction is ultimately reasonable.

Scottsdale Cap. Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018). We address the requirement of relatedness and find that Cappello has failed to carry his burden as to this necessary element.

We need not and do not resolve whether Restaurant Depot's contacts with New Hampshire amounted to purposeful availment. D'Arrigo Bros.' contacts with New Hampshire plainly do not. See, e.g., Knox v. MetalForming, Inc., 914 F.3d 685, 691-92 (1st Cir. 2019) (requiring "regular flow or regular course of sale in the forum" or "something more" than mere knowledge that a product

- 13 -

placed in the stream of commerce could end up in a particular state to demonstrate purposeful availment (quoting Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 10 (1st Cir. 2018)); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 891 (2011) (Breyer, J., concurring in the judgment) (rejecting a stream of commerce rule that would subject a defendant "to jurisdiction for a products-liability action so long as it 'knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states.'" (quoting Nicastro v. McIntyre Mach. Am., Ltd., 987 A.2d 575, 592 (N.J. 2010))). Nor do we address the reasonableness of exercising personal jurisdiction over either defendant in New Hampshire.

Cappello brings three tort claims and one contract claim, each asserted against both D'Arrigo Bros. and Restaurant Depot. Our analysis of relatedness differs for the contract and the tort claims.

To demonstrate relatedness for his tort claims, Cappello "must show a nexus between his claim and the defendants' forum-based activities," Rodríguez-Rivera, 43 F.4th at 160, such that the "plaintiff's claims . . . arise out of or relate to the defendant[s'] contacts with the forum," id. (quoting Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1025 (2021)). The parties agree that neither Restaurant Depot's nor D'Arrigo

- 14 -

Bros.' contacts with New Hampshire were the but-for cause of Cappello's claims. Cappello instead argues that the Supreme Court's opinion in Ford Motor Co. established that but-for causation is not necessary to a showing of relatedness and that "some relationships will support jurisdiction without a causal showing." 141 S. Ct. at 1026. From this he argues that the respective relationships between New Hampshire and each of Restaurant Depot and D'Arrigo Bros. are such relationships supporting jurisdiction without a but-for causal showing. The Ford court rejected Ford's argument that there was no causal link to the forum states where the vehicles were not designed, manufactured, or sold in those states and only later resales and relocations by consumers had brought the vehicle to the forum states. Id. The Court rejected Ford's "causation-only approach" to there being a connection between the plaintiffs' suits and the defendants' activities. Id. The concurring justices saw no need to address the but-for issue, as the relatedness test was clearly met under traditional criteria. See id. at 1032-34 (Alito, J., concurring in the judgment); id. at 1035-36 (Gorsuch, J., concurring in the judgment). We conclude the relationship of each defendant with New Hampshire does not meet the standards established in Ford.

As to Restaurant Depot, Cappello proffered evidence to show that it had granted membership to New Hampshire businesses,

that it had made over $36 million in sales to those members between 2017 and 2018, and that it had advertised to those New Hampshire members by email and post.

Cappello has not proffered any evidence to show that Restaurant Depot's New Hampshire contacts[6] had anything to do with a retail customer (a type of customer Restaurant Depot does not and cannot serve) purchasing a salad at a restaurant in New Jersey. Here, as in Vapotherm, Cappello's salad-derived E. coli infection "do[es] not arise out of or relate to [Restaurant Depot]'s contacts with New Hampshire. Instead, the [salad is] connected to [Cappello] through [Restaurant Depot's] contacts in" New Jersey. 38 F.4th at 261.

Cappello mistakenly argues that he meets the relatedness test under the Supreme Court's opinion in Ford. Cappello argues that the Ford test is satisfied because "the type of product that Mr. Cappello was injured by is the type of product that Restaurant Depot reaps a benefit from in its business contacts in New Hampshire." (Emphasis added.) We reject this expansive "type of product" reasoning for the relatedness standard under Ford. As Ford stated, the minimum contacts test instead arises out of due

---

    [6] Cappello offers no evidence and does not argue that he was -- or was even eligible to become -- a Restaurant Depot member. Nor does he offer to show that he ever received -- or was even a part of the target demographic for -- Restaurant Depot's New Hampshire-directed advertisements.

- 16 -

process concerns of "'reasonable[ness] . . .' and '. . . traditional notions of fair play and substantial justice.'" 141 S. Ct. at 1024 (quoting Int'l Shoe, 326 U.S. at 316-17).

In Ford the nationwide manufacture and retail sale of vehicles (including parts) and Ford's support in the forum states for a secondary market of used Ford vehicles satisfied these concerns in ways that the wholesale distribution of lettuce to a non-forum state simply cannot and does not. We name just a few relevant differences between the nature of the businesses at issue here and Ford's. Here Restaurant Depot did not cultivate a market for its food products in the forum state or have the product malfunction there. Nor did Restaurant Depot "extensively promote[]" sales or service of lettuce in New Hampshire. Id. at 1032. Personal automobiles and like vehicles serve to make their consumers mobile (such as between jurisdictions); lettuce does not. Personal vehicles are durable goods. Lettuce is not a durable good; it is meant to be consumed once. Personal vehicle manufacturers like Ford provide service centers and aftermarket products to "ensure[] that consumers can keep their vehicles running long past the date of sale" and to ensure their convenient use by the ultimate consumer throughout the country, id. at 1022-23; lettuce distributors do not. Personal vehicles are also the subject of a nationwide market of consumer-to-consumer sales; lettuce is not.

In Ford the Ford Motor Company engaged in forum-state contacts -- individual car drivers owning and operating Ford vehicles within the forum state when the vehicle was originally purchased elsewhere -- from which the lawsuit arose. Ford, 141 S. Ct. at 1028-29. Here, Cappello proffers no evidence that Restaurant Depot's New Hampshire contacts included contacts -- retail consumption of a salad outside the forum state -- like those from which this lawsuit arose. There is insufficient relatedness as to the tort claims against Restaurant Depot.

As to the tort claims against D'Arrigo Bros., Cappello relies on even weaker grounds: his proffered evidence that it distributed lettuce products to the New England area with the knowledge that some of those products might end up in New Hampshire. That knowledge that its lettuce might or might not end up in a salad in New Hampshire is insufficient to show relatedness and has nothing to do with retail consumption of a salad from an unconnected restaurant in New Jersey. Ford does not provide any support to Cappello. Nothing about D'Arrigo Bros.' knowledge its lettuce could end up in a salad in New Hampshire was in any way related to the consumption of a salad in New Jersey.

We next turn to the relatedness analysis for Cappello's contract-based claims. Here he must show "the defendant's activity in the forum state was instrumental either in the formation of the contract or its breach." Vapotherm, 38 F.4th at 258-59 (quoting

- 18 -

Adelson, 510 F.3d at 49). We conclude Cappello has failed to make this showing as to each defendant.

Cappello's contract claim is a warranty of merchantability claim. Cappello argues that personal jurisdiction over the defendants for this claim is proper because the New Jersey and New Hampshire warranties of merchantability are identical. Even if true, we do not see why that would make Restaurant Depot's or D'Arrigo Bros.' contacts with New Hampshire instrumental to the formation of any contract Cappello entered into when he purchased the salad, or to the breach of any such contract. See id. He further argues that the breach of warranty occurred in New Hampshire where he experienced his symptoms. This does not establish that the defendants' New Hampshire contacts were instrumental to that alleged breach.

### III. Conclusion

Here the denial of personal jurisdiction in New Hampshire best serves the interests of "interstate federalism." Ford, 141 S. Ct. at 1025 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 293 (1980)). We affirm.